UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PEDRO BORREGO PINO,

        Petitioner,

     v.

WARDEN, SOUTH FLORIDA
DETENTION FACILITY,  US
ATTORNEY GENERAL,

        Respondents.

_____/

Case No. 2:26-cv-1793-KCD-KRH

## **ORDER**

Pedro Borrego Pino has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) He claims that his detention violates due process. As for relief, he seeks release from custody under reasonable conditions of supervision. (*Id.* at 8.) Pino has been released on an order of supervision pursuant to a previous habeas petition he filed, which this Court granted. *See Pino v. Warden, Fla. Soft Side S. Det. Ctr.*, No. 2:26-cv-1236-KCD-NPM, 2026 WL 1469567 (M.D. Fla. May 26, 2026). That leaves this case moot. *See, e.g.*, *Zapeta v. Exec. Dir. of the Fla. Div. of Emergency Mgmt.*, No. 2:25-CV-00697-JLB-KCD, 2025 WL 2432501, at *3 (M.D. Fla. Aug. 22, 2025). Put another way, "[s]ince [Pino] already has been released from custody, his prayer for relief has been satisfied." *Djadju v. Vega*, 32 F.4th 1102, 1107 (11th Cir. 2022).

There are exceptions to the mootness doctrine. A case may survive if a petitioner suffers from collateral consequences of the detention—some concrete injury that persists even after release. But Pino's habeas petition challenged only his detention, not the validity of his removal order or anything else. Pino has not shown (or even argued) any continuing injury from his prior detention that this Court can now remedy. *See id.* ("So where a habeas petitioner has been released from detention—when, for example, he is removed from the country—and he has not raised a challenge to a collateral consequence, we've held that his appeal of the denial of his habeas petition has become moot.").

There is also an exception for cases that are "capable of repetition, yet evading review." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1339 (11th Cir. 2001). This applies only in "exceptional situations" where there is a "demonstrated probability" that the same controversy will happen again to the same person. *Id.* That is not the case here. To find otherwise, the Court would have to assume that Pino will again be detained under the same unconstitutional policy he initially challenged. That is simply too remote a possibility to sustain federal jurisdiction. *See, e.g., Mehmood v. United States Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020), *Kerbay v. Sessions*, No. 17-21055-CIV, 2017 WL 11697007, at *1 (S.D. Fla. May 2, 2017).

2

For the reasons above, Pino's habeas petition (Doc. 1) is **DENIED as moot**. The Clerk of Court is **DIRECTED** to terminate all deadlines, deny any pending motions as moot, and close the case.

**ORDERED** in Fort Myers, Florida on June 16, 2026.

Kyle C. Dudek
United States District Judge

3